GILLESPIE, Presiding Justice:
Claimant sustained injuries while working for the employer in Tallahatchie County, Mississippi, and filed a claim for benefits under the Mississippi Workmen’s Compensation Act. From adverse rulings by the attorney referee, the Workmen’s Compensation Commission and the Circuit Court of Tallahatchie County, the employer prosecutes this appeal.
Doing business as G. G. Nowlin Construction Company, the employer engages in de *495 veloping real estate and in the sale of real estate in Memphis and Shelby County, Tennessee, where he lives. In 1964 the employer did no construction work for others, but erected a warehouse for himself in Memphis. He also owns a tract of land in Tallahatchie County, Mississippi, which he leased to another for farming. He purchased two bulldozers for use in clearing the land. As land was cleared it was turned over to the lessee who planted it in soybeans. Employer received as rent a specified cash sum or one-fourth the value of the crop, whichever was the larger. In June, 1964, the employer hired the claimant to operate a bulldozer in clearing this land. It was also claimant’s duty to maintain the machinery which he operated and he sometimes burned trash piles. Working with the claimant in Mississippi were three other regularly employed individuals, all engaged in clearing land. In addition to these four employees, the employer’s son worked both in Tennessee and Mississippi on a temporary basis. In 1964 employer had a minimum of eight employees counting those in both Tennessee and Mississippi, but, with the exception of his son, none of these worked interchangeably between Tennessee and Mississippi. On September 11, 1964, the claimant was injured while working on the bulldozer.
I.
The first question for our decision is whether the claimant-appellee was a farm laborer within the meaning of Mississippi Code 1942 Annotated, Section 6998-03 (Supp.1966), which provides that farm labor is exempt from the provisions of the Workmen’s Compensation Act.
The claimant did not engage in agricultural pursuits on the land in question. He did not operate any machinery for the planting, cultivation, or harvesting of agricultural crops; nor did he engage in raising livestock. The sole activity of the claimant was that of clearing land. He used a bulldozer for this purpose and did mechanical work on the machine. The cost of this clearing operation was capitalized on the books of the employer and charged to the cost of the land. The facts clearly indicate claimant was not a farm laborer. The employer was developing the Tallahatchie County lands, but he was not engaged in farming. In 1 Larson, Workmen’s Compensation 'Law, Section 53.00 (1965), it is said that the nearly universal rule is that the exemption of farm labor is construed according to the character of the work regularly performed by the employee, not according to the nature of the employer’s business. In the present case the employer was not a farmer and the character of the work regularly performed by the claimant was not that of a farm laborer.
II.
The second question is whether the employer, Nowlin, had in service eight or more employees in the same business, or in or about the same establishment. Mississippi Code 1942 Annotated, Section 6998-03 (Supp.1966), provides that an employer shall be subject to the Workmen’s Compensation Act if he “ * * * has in service eight (8) or more workmen or operatives regularly in the same business, or in or about the same establishment, under any contract of hire, express, or implied.”
It is admitted that if the employees, including claimant, who were engaged in clearing the Tallahatchie County, Mississippi, lands are added to the number of employees in the employer’s service in Tennessee, the employer had a minimum of eight employees in 1964. If the employees engaged in clearing the Mississippi lands are not included, then the employer did not have the minimum of eight employees.
The machinery and tools used on the Tennessee work were not used in the Mississippi land clearing operation. The bulldozers used in the Mississippi land clearing operation were not used in Tennessee and were used only on lands owned by the employer. No employee who worked on the Mississippi land clearing operation ever *496 worked on the Tennessee warehouse construction job, and none of the employees on the Tennessee construction job worked on the Mississippi land clearing operation, except that one of the employer’s sons, a temporary summer employee, worked both in Tennessee and in Mississippi. The two operations were separated by a distance of 90 miles.
The employer had only one business bank account and this was maintained in a Memphis, Tennessee, bank under the name of “G. G. Nowlin Construction Company.” All salaries, wages and expenses for both the Tennessee and Mississippi operations were paid from this bank account. The employer’s wife, a non-paid employee, kept the books on both operations.
The Commission was justified in finding as a fact that the employees in both operations were employed in the same business. The employer had been in the business of building houses, i.e., developing real estate in Tennessee, since 1947. He had bought a tract of land in Memphis to develop as a residential subdivision and the property was rezoned. He decided to build a warehouse on the property which cost $81,000. He did so mostly with subcontractors but used some of his own employees. The warehouse was erected over a period of about fifteen months and yvas divided into units which he leased to others. The employer purchased the tract of land in Tallahatchie County, Mississippi, about the year 1955. At the time claimant was injured this land was being developed by the employer by clearing it so that it could be framed by the employer’s lessee, and as fast as the land was cleared the lessee took it over and planted it in soybeans. The employer received a money rent, a specified sum or the value of one-fourth of the crop, whichever was the greater in value. We are of the opinion that the Commission was justified in finding that the employer was engaged in the business of developing real estate in both Tennessee and Mississippi — urban property in Tennessee and farm property in Mississippi. In any event the employees in Tennessee and Mississippi were all employees of the same establishment and were paid out of the same bank account. The cases from other jurisdictions cited by the employer are not helpful. This question is resolved by applying the statute to the facts.
III.
The third and final question raised by this appeal is whether out-of-state employees should be added to the Mississippi employees in determining whether the employer had a minimum of eight employees. The statute does not omit out-of-state employees from the count. In 1 Larson’s Workmen’s Compensation Law, Section 52.-34 (1965) it is noted that only three states omit out-of-state employees from the count, and the usual holding is that out-of-state employees are counted. We find no valid reason to hold they should be omitted. The Mississippi Workmen’s Compensation Act was adopted in the exercise of the State’s police power to provide for the welfare of its citizens and others performing labor within its borders, and there is ample authority for the proposition that the state has a legitimate interest in imposing a rule of compensation liability where the injury occurs in this state. Mandle v. Kelly, 229 Miss. 327, 90 So.2d 645, 92 So.2d 246 (1956). We hold therefore, in the absence of statutory omission of out-of-state employees in the count for the purpose of determining the minimum number of employees, that such employees should be counted. It is the number of employees in the service of the same business or in or about the same establishment, rather than where they work, that determines the question under consideration.
Affirmed and remanded to the Commission.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.