765 So.2d 564 (2000)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant,
v.
Michael HOLLIMAN, Resource One and/or Jobmate South Services, Inc., Tri-State Pole and Piling and United States Fidelity and Guaranty Company, Appellees.
No. 1998-WC-01750-COA.
Court of Appeals of Mississippi.
February 22, 2000.
Rehearing Denied May 23, 2000.
Certiorari Denied August 24, 2000.
*565 Benjamin U. Bowden, Austin R. Nimocks, Gulfport, Attorneys for Appellant.
Michael J. McElhaney, Jr., Pascagoula, Ron M. Feder, Gulfport, Robert P. Shepard, Lucedale, Attorneys for Appellees.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
BRIDGES, J., for the Court:
¶ 1. Liberty Mutual Insurance Company (Liberty Mutual) appeals the decision of the George County Circuit Court reversing the Mississippi Workers' Compensation Commission and reinstating the administrative law judge's decision which determined that Liberty Mutual was responsible for coverage of Michael Holliman's work-related injury. Aggrieved with this decision, Liberty Mutual argues on appeal the following issues, which we quote verbatim from the brief

*566 I. THE CIRCUIT JUDGE ERRED IN REVERSING THE UNANIMOUS DECISION OF THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION BECAUSE THERE DID EXIST SUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE COMMISSION'S CONCLUSIONS.
A. BOTH TRI-STATE POLE & PILING, INC. AND RESOURCE ONE, INC. ARE EMPLOYERS UNDER MISSISSIPPI WORKERS' COMPENSATION LAW.
B. PURSUANT TO THE AGREEMENT BETWEEN TRI-STATE POLE & PILING, INC. AND RESOURCE ONE, INC., RESOURCE ONE, INC. SHOULD CARRY THE FULL BURDEN OF PROVIDING WORKERS' COMPENSATION INSURANCE NOTWITHSTANDING THE NATURAL STATE OF MISSISSIPPI LAW IN THIS REGARD.
C. RESOURCE SERVICES, INC. AND RESOURCE ONE, INC. ARE THE SAME ENTITY AND/OR ALTER EGO OF EACH OTHER UNDER MISSISSIPPI LAW.
D. AS TO THE LIABILITY AND/OR RESPONSIBILITY ATTRIBUTABLE TO RESOURCE ONE, INC., THIS AMOUNT SHOULD BE PAID BY USF & G AS IT HAD THE ONLY INSURANCE POLICY IN EFFECT ON THE DATE OF LOSS SINCE THE INSURANCE POLICY ISSUED BY LIBERTY MUTUAL INSURANCE COMPANY WAS EFFECTIVELY CANCELED UNDER MISSISSIPPI LAW PRIOR TO THE DATE OF LOSS.
1. SINCE RESOURCE SERVICES, INC. AND RESOURCE ONE, INC. ARE THE SAME ENTITY AND/OR ALTER EGO OF EACH OTHER, THE POLICY ISSUED BY USF & G TO RESOURCE SERVICES, INC. ALSO COVERED RESOURCE ONE, INC. DURING THE EFFECTIVE DATES OF THE POLICY WHICH INCLUDES MAY 26, 1992, THE DATE OF HOLLIMAN'S ALLEGED INJURY.
2. UNDER MISSISSIPPI LAW, DESPITE ITS FAILURE TO SEND THE NOTICE OF CANCELLATION BY REGISTERED MAIL, LIBERTY MUTUAL DID ACHIEVE AN EFFECTIVE CANCELLATION OF ITS POLICY ISSUED TO RESOURCE ONE, INC. WHICH, BUT FOR THIS CANCELLATION, WOULD JOINTLY COVER HOLLIMAN'S ALLEGED INJURY ALONG WITH THE POLICY ISSUED BY USF & G.
E. THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION ACTED APPROPRIATELY AND WELL WITHIN ITS STATUTORILY GRANTED JURISDICTION IN DECIDING THE MANY ISSUES PRESENTED IN THIS CASE.
¶ 2. After a thorough review of the record, we are convinced that there is sufficient evidence to support the Commission's decision. Therefore, we reverse.

FACTS
¶ 3. On May 26, 1992, while operating a front end loader, Michael Holliman received an injury to his lower back. This injury occurred while Holliman was working on the premises of Tri-State Pole & Piling (Tri-State) pursuant to an agreement that Tri-State had with Resource One, Inc. (Resource One). The agreement provided that Resource One would lease or supply employees to Tri-State and would further be responsible for various administrative functions connected with these employees which included providing workers' compensation insurance coverage. Resource One did obtain workers compensation insurance with Liberty Mutual. This policy was to be effective from January 1, 1992 through January 1, 1993, and contained an endorsement which additionally insured Tri-State. Shortly after Liberty Mutual issued this policy, Resource One *567 fell behind in premium payments, and Liberty Mutual attempted to cancel the policy effective May 11, 1992. Liberty Mutual mailed a notice of cancellation to Resource One, but the notice was not sent by registered mail as required by Miss.Code Ann. § 71-3-77 (Rev.1995). However, Liberty Mutual maintained that the cancellation was valid and effective under the statute because Resource One had obtained other insurance coverage with USF & G through its alter ego Resource Services, Inc. (Resource Services).[1]

PROCEEDINGS BELOW
¶ 4. On January 27, 1994 and December 7, 1994, Holliman filed two separate petitions to controvert with the Mississippi Workers' Compensation Commission. Both Liberty Mutual and USF & G filed motions for summary judgment each asserting that they did not have workers' compensation coverage in effect on the date of Holliman's injury. The matter was submitted to the administrative law judge to determine which insurance carrier had liability for the injury. On October 31, 1996, the administrative law judge rendered a written order that found that Holliman was an employee of Resource One on the date of his injury and Liberty Mutual was the liable carrier for the injury because it failed to legally and properly cancel the policy it had issued to Resource One. Liberty Mutual appealed this decision to the Commission. The Commission reversed the administrative law judge's decision and found that Holliman was an employee of Resource One and Tri-State and that both companies were jointly and severally liable for compensation benefits. The Commission further found that Resource Services and Resource One were one and the same entity and alter egos of each other. The Commission concluded that USF & G was liable for Holliman's injury because Liberty Mutual did achieve an effective policy cancellation under Miss. Code Ann. § 71-3-77 (Rev.1995) because Resources Services, which was the alter ego of Resource One, had obtained insurance through USF & G. This decision was ultimately appealed by all parties to the George County Circuit Court. The circuit judge overruled the decision of the Commission and reinstated the decision of the administrative law judge. Aggrieved with this decision, Liberty Mutual has perfected this appeal.
ARGUMENT AND DISCUSSION OF LAW
I. THE CIRCUIT JUDGE ERRED IN REVERSING THE UNANIMOUS DECISION OF THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION BECAUSE THERE DID EXIST SUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE COMMISSION'S CONCLUSIONS.
A. BOTH TRI-STATE POLE & PILING, INC. AND RESOURCE ONE, INC. ARE EMPLOYERS UNDER MISSISSIPPI WORKERS COMPENSATION LAW.
B. PURSUANT TO THE AGREEMENT BETWEEN TRI-STATE POLE & PILING, INC. AND RESOURCE ONE, INC., RESOURCE ONE, INC. SHOULD CARRY THE FULL BURDEN OF PROVIDING WORKERS' COMPENSATION INSURANCE NOTWITHSTANDING THE NATURAL STATE OF MISSISSIPPI LAW IN THIS REGARD.
¶ 5. Since the first three issues presented by Liberty Mutual are interrelated, we will discuss these issues together.

STANDARD OF REVIEW
¶ 6. The standard of review utilized by this Court when considering an appeal of a decision of the Workers' Compensation Commission is well settled. The Mississippi Supreme Court has stated that "[t]he findings and order of the Workers' Compensation Commission are binding on *568 this Court so long as they are `supported by substantial evidence.'" Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994) (quoting Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988)). The Commission is the trier and finder of fact in a compensation claim, the findings of the administrative law judge notwithstanding. Mid-Delta Home Health, Inc. v. Robertson, 749 So.2d 379 (¶ 20) (Miss.Ct. App.1999). This Court will reverse the Commission's order only if it finds that order clearly erroneous and contrary to the overwhelming weight of the evidence. Vance, 641 So.2d at 1180. This Court "will not determine where the preponderance of the evidence lies when the evidence is conflicting, the assumption being that the Commission, as the trier of fact, has previously determined which evidence is credible, has weight, and which is not." Oswalt v. Abernathy & Clark, 625 So.2d 770, 772 (Miss.1993). Thus, we are bound by factual findings made by the Commission even if the evidence on the record would lead this Court to a different conclusion. Sibley v. Unifirst Bank, 699 So.2d 1214, 1218 (Miss.1997).
¶ 7. Liberty Mutual makes a general argument on appeal that there is sufficient evidence to support all decisions made by the Commission. Specifically, in the first three issues Liberty Mutual argues that the Commission correctly found that Resource One and Tri-State were both employers of Holliman. However, Liberty Mutual also maintains that Resource One should solely carry the burden of providing workers' compensation insurance because the agreement between Resource One and Tri-State expressly provided that Resource One would provide this coverage. USF & G does not address this issue in its brief, but Tri-State argues that Resource One was Holliman's employer and the Commission exceeded its authority on this point. Under Miss. Code Ann. § 71-3-47 (Rev.1995), the Commission has "full power and authority to determine all questions relating to the payment of claims for compensation." Deciding which company employed Holliman at the time of his injury is clearly a necessary question that the Commission must answer before making a determination as to who will be liable for the payment of the claim. Accordingly, the Commission did not exceed its authority by addressing this point.
¶ 8. Further, after examining the record, we find that there is sufficient evidence to support the finding of the Commission that Holliman was employed by both Tri-State and Resource One. Vance, 641 So.2d at 1180. The record shows that the Commission's order first addressed the issue of which company is considered the employer for workers' compensation purposes. In its analysis, the Commission discussed the concepts of the "loaned servant" and "dual employment." The Commission concluded that Holliman was not under the exclusive control of Tri-State; therefore he was not a loaned or borrowed servant of Tri-State. Jones v. James Reeves Contractors, Inc., 701 So.2d 774, 778 (Miss.1997). However, the Commission did find the arrangement between Tri-State, Resource One, and Holliman to be one of dual employment and joint service. Lott v. Moss Point Marine, Inc., 785 F.Supp. 600 (S.D.Miss.1991). The Commission further found Tri-State and Resource One jointly and severally liable to Holliman for compensation benefits.
¶ 9. The concept of dual employment has long been accepted by Mississippi as recognized in Honey v. United Parcel Serv.:
Mississippi has long embraced the concept of "dual employment"; thus, "`when an employee is engaged in the service of two (2) employers in relation to the same act (dual employment), both employers are exempt from common law liability, although only one of them has actually provided workmen's compensation insurance.'" ... Closely related to this concept of dual employment is the doctrine of the "borrowed servant," which recognizes that "[o]ne may be in *569 the general service of another, and, nevertheless, with respect to particular work, may be transferred, with his own consent or acquiescence of a third person, so that he becomes the servant of that person with all legal consequences of the new relation."
Honey v. United Parcel Serv., 879 F.Supp. 615, 617 (S.D.Miss.1995) (citations omitted).
¶ 10. The Commission discussed the concept of dual employment and found that both Tri-State and Resource One were jointly and severally liable. However, the Commission went further in their analysis and addressed the agreement between Tri-State and Resource One and ultimately concluded that Resource One was liable through its alter ego, Resource Services. It is undisputed that Holliman was employed by Resource One and was on lease to Tri-State. Resource One expressly retained the right to control Holliman's employment conditions and working environment. However, Tri-State furnished all tools and equipment required for the work Holliman performed and ultimately had the authority to terminate Holliman from its service. Both employers benefitted from Holliman's labor and both retained a certain amount of control over Holliman as well. After reviewing the record, we conclude that there is sufficient evidence to support the Commission's finding that Holliman was employed by Resource One and Tri-State. Accordingly, we reverse the circuit court's decision and re-instate the order of the Commission.
C. RESOURCE SERVICES, INC. AND RESOURCE ONE, INC. ARE THE SAME ENTITY AND/OR ALTER EGO OF EACH OTHER UNDER MISSISSIPPI LAW.
D. AS TO THE LIABILITY AND/OR RESPONSIBILITY ATTRIBUTABLE TO RESOURCE ONE, INC., THIS AMOUNT SHOULD BE PAID BY USF & G AS IT HAD THE ONLY INSURANCE POLICY IN EFFECT ON THE DATE OF LOSS SINCE THE INSURANCE POLICY ISSUED BY LIBERTY MUTUAL INSURANCE COMPANY WAS EFFECTIVELY CANCELED UNDER MISSISSIPPI LAW PRIOR TO THE DATE OF LOSS.
1. SINCE RESOURCE SERVICES, INC. AND RESOURCE ONE, INC. ARE THE SAME ENTITY AND/OR ALTER EGO OF EACH OTHER, THE POLICY ISSUED BY USF & G TO RESOURCE SERVICES, INC. ALSO COVERED RESOURCE ONE, INC. DURING THE EFFECTIVE DATES OF THE POLICY WHICH INCLUDES MAY 26, 1992, THE DATE OF HOLLIMAN'S ALLEGED INJURY.
2. UNDER MISSISSIPPI LAW, DESPITE ITS FAILURE TO SEND THE NOTICE OF CANCELLATION BY REGISTERED MAIL, LIBERTY MUTUAL DID ACHIEVE AN EFFECTIVE CANCELLATION OF ITS POLICY ISSUED TO RESOURCE ONE, INC. WHICH, BUT FOR THIS CANCELLATION, WOULD JOINTLY COVER HOLLIMAN'S ALLEGED INJURY ALONG WITH THE POLICY ISSUED BY USF & G.
¶ 11. Since these issues presented by Liberty Mutual are interrelated, we will discuss them together.

A. Did the Commission err in determining that Resource One and Resource Services were alter egos?
¶ 12. Liberty Mutual next argues that there is sufficient evidence to support the Commission's finding that Resource One and Resource Services are the same entity. More specifically, Liberty maintains that its insurance policy was effectively canceled since Resource One was covered through the policy issued by USF & G to Resource Services. Tri-State does not address this issue in its brief, but USF & G contends that the Commission's findings *570 were not supported by substantial evidence and were correctly reversed by the circuit court. More specifically, USF & G maintains that the Commission lacked authority to address the alter ego issue. In the alternative, USF & G argues that even if the Commission correctly addressed this issue, there is insufficient evidence to support the finding that the two corporations are alter egos of one another. USF & G further contends that the Commission erred for finding that USF & G is liable for any benefits related to Holliman's work injury.
¶ 13. As we discussed in the previous issue, under Miss.Code Ann. § 71-3-47 (Rev.1995), the Commission has the authority to address all issues related to the payment of compensation claims. The record shows that the Commission acknowledges its limited authority in addressing issues that are equitable in nature. However, the Commission recognized that under the authority granted in Miss.Code Ann. § 71-3-47 (Rev.1995), it must address the alter ego issue in order to determine which parties were liable to Holliman for the payment of workers' compensation benefits. We agree that the Commission correctly addressed this issue.
¶ 14. In determining whether these two corporations were one and the same, the Commission looked at the factors outlined in Smith v. St. Regis Corp., 850 F.Supp. 1296, 1311 (S.D.Miss.1994). These factors included "same management, same business purpose, same operation, same equipment, same customers, same supervision, and same ownership." Id. The Commission further looked for "such a unity of interest and ownership" between the alleged separate entities that "adherence to the fiction of separate corporate existence would under the circumstances sanction a fraud or promote injustice." FMC Finance Corp. v. Murphree, 632 F.2d 413, 422 (5th Cir.1980). The Commission analyzed these factors and found that the alleged two entities had a unity of interest and/or ownership, and they, in fact, did not operate separately.
¶ 15. After a thorough review of the record, we conclude that there is sufficient evidence to support the Commission's finding. The record shows that Resource One and Resource Services were both under the ownership of Douglas Shanks and Donald Shanks. Both corporations share the same business address and used the same attorney to file the articles of incorporation for Resource One and the articles of amendment for Jobmate South Services/Resource Services. Further, the record shows that Tri-State received assignment forms and a check that used the name Resource Services, but both the forms and the check were sent under a cover letter that used the name Resource One. After reviewing the record, we are satisfied that there is sufficient evidence to support the Commission's finding that Resource One and Resource Services are one and the same or alter egos.

B. Did the Commission err in determining that Liberty Mutual achieved an effective policy cancellation?
¶ 16. After determining that Resource One and Resource Services were one and the same corporation, the Commission concluded that Resource One contractually agreed to assume sole responsibility for securing the payment of workers' compensation benefits to Holliman which it did through a policy with USF & G under its alter ego, Resource Services. The Commission further found that Liberty Mutual did not effectively cancel its policy with Resource One by written notice as required under Miss.Code Ann. § 71-3-77 (Rev.1995). However, the Commission ultimately reasoned that the policy should be deemed canceled because Resource One had obtained other insurance coverage through USF & G. The pertinent part of Miss.Code Ann. § 71-3-77 (Rev.1995) reads as follows:
No such policy shall be cancelled by the insurer within the policy period until a *571 notice in writing shall be given to the commission and to the assured, fixing the date on which it is proposed to cancel it or declaring that the company does not intend to renew the policy upon expiration date, such notices to be served personally or by registered mail on the commission at its office in Jackson, and upon the assured. No such cancellation shall be effective until thirty (30) days after the service of such notice, unless the employer has obtained other insurance coverage, in which case such policy shall be deemed cancelled as of the effective date of such other insurance, whether or not such notice has been given.
(emphasis added).
As we stated previously, there is sufficient evidence to support the Commission's finding that Resource One and Resource Services are one and the same. Since Resource Services had obtained insurance coverage through USF & G, the Commission was correct in its determination that Liberty Mutual's policy was canceled. After reviewing the record, we conclude that there is sufficient evidence to support the Commission's findings. Although the evidence might lead this Court to a different conclusion, when the evidence sufficiently supports the Commission's findings, we are bound by the Commission's decision. Sibley, 699 So.2d at 1218. Accordingly, we reverse the judgment of the circuit court and reinstate the order of the Commission.

E. THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION ACTED APPROPRIATELY AND WELL WITHIN ITS STATUTORILY GRANTED JURISDICTION IN DECIDING THE MANY ISSUES PRESENTED IN THIS CASE.
¶ 17. As we have discussed in the previous issues, under Miss.Code Ann. § 71-3-47 (Rev.1995), the Commission has the authority to address all issues related to the payment of compensation claims. We agree that the Commission acted within its statutorily granted jurisdiction in deciding the issues presented in this case. Therefore, we reverse the judgment of the circuit court.
¶ 18. THE JUDGMENT OF THE GEORGE COUNTY CIRCUIT COURT IS REVERSED AND THE ORDER OF THE WORKERS' COMPENSATION COMMISSION IS HEREBY REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLEES.
KING P.J., DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR. MOORE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J. McMILLIN, C.J., NOT PARTICIPATING.
MOORE, J., dissenting:
¶ 19. I respectfully dissent from the majority's ruling that the circuit court should be reversed. The George County Circuit Court reversed the Mississippi Workers' Compensation Commission and reinstated the administrative law judge's decision which held Liberty Mutual responsible for the coverage of Michael Holliman's work-related injury. Adhering to the applicable standard of review, the circuit court was correct in reversing the Full Commission's decision. This dissent, stating that the George County Circuit Court's decision should be upheld, is based upon the ground that the Mississippi Workers' Compensation Commission did not have substantial evidence to conclude that Resource One, Inc. and Resource Services, Inc. are alter egos, thereby concluding that Liberty Mutual was not responsible for the coverage of Holliman's work-related injury.
¶ 20. As mentioned by the majority, the Commission, in determining this matter, looked to the factors as set forth in Smith v. St. Regis Corp., 850 F.Supp. 1296, 1311 (S.D.Miss.1994). In making the decision of whether one company is the alter ego of another company, courts *572 are to look to such factors as: "same management; the same business purpose; and the same operation, equipment, customers, supervision, and ownership." Id. The Commission also looked to FMC Finance Corporation v. Murphree, 632 F.2d 413, 422 (5th Cir.1980), which discussed the matter as well. The fifth circuit in FMC stated that "there must be such unity of interest and ownership that the separate personalities of the corporation and the shareholder no longer exist, and adherence to the fiction of separate corporate existence would under the circumstances sanction a fraud or promote injustice." Id. (emphasis added).
¶ 21. The only evidence before the Commission concerns the articles of incorporation of the two companies. This evidence merely shows that the incorporators for Jobmate South Services, Inc. (Resource Services, Inc.), Donald and Douglas Shanks, were also listed as directors for Resource One, Inc.; the same attorney, Charles Porter, filed the necessary documents with the Secretary of State for both companies; and the two companies listed the same business address. It is from this small amount of evidence that the Commission simply concludes there is the necessary "unity of interest and/or ownership" required. In fact, in reference to the factors as brought forth in Smith, there was no evidence before the Commission that would prove same management, same business purpose, or same equipment, customers, supervision, or ownership. The only arguable piece of evidence is that Donald and Douglas Shanks were the incorporators for one company and listed as directors for the other, but this does not mean, as stated by the majority, that they own both companies as well. Even if that one fact were true, the companies would still be declared separate entities: "Ordinarily two or more corporations are separate and distinct entities although the same individuals are the incorporators of, or own stock, in the several corporations, and although such corporations may have the same persons as officers." Johnson & Higgins of Mississippi, Inc. v. Commissioner of Insurance of Mississippi, 321 So.2d 281, 285 (Miss.1975) (citing Murdock Acceptance Corp. v. Adcox, 245 Miss. 151, 163, 138 So.2d 890, 895 (1962)).
¶ 22. The only other point that the Commission discussed concerns the discrepancy in the use of one company name on the assignments sent to Michael Holliman, and the other company name used in the heading on the cover letter mailed with the assignments. The Commission stated that this demonstrated "same operation" of the two companies. I disagree. I do not feel this is enough substantial evidence to conclude that the two companies had the exact same corporate operation. There was no evidence as to regular corporate meetings, minutes, or the like.
¶ 23. Even if one conceded to the fact that this one incident could prove the companies had the same corporate operation, this alone would not amount to substantial evidence to support the disregard of Resource One, Inc. and Resource Services, Inc. as separate corporate entities. Therefore, due to the lack of substantial evidence to support the Commission's finding, the George County Circuit Court was correct in reversing the decision, and the circuit court's ruling declaring that Resource One, Inc. and Resource Services, Inc. are separate entities, and that Liberty Mutual is responsible for the coverage of Michael Holliman's injury, should be reinstated. For this reason, I respectfully dissent.
SOUTHWICK, P.J., JOINS THIS SEPARATE OPINION.
NOTES
[1] Formerly known as Jobmate South Services, Inc.