BRANTLEY, J.,
for the court.
¶ 1. John Q. Stephens was awarded workers’ compensation benefits in the amount of $101.38 per week for 450 weeks. T.P.I. Restaurants, Inc. and Insurance Company of North America (TPI) appeal this decision arguing that the decision was not supported by the evidence and that the Commission’s decision was arbitrary and capricious. Finding no error, we affirm.
FACTS
¶ 2. Stephens was injured in an automobile accident on July 4, 1988. He filed a petition to controvert, arguing that his injury was work-related. A hearing was held on March 13, 1991, at which time loss of wage earning capacity evidence was presented. However, the administrative law judge found that the injury did not occur in the course and scope of Stephens’s employment and that there was no loss of wage earning capacity. The Commission affirmed the administrative law judge’s order. The Chickasaw County Circuit Court reversed the Commission’s ruling, holding that the injury did occur in the course and scope of Stephens’s employment and that there was a loss of wage earning capacity.
¶ 3. TPI appealed to this Court. In 1995, this Court affirmed the circuit court’s ruling that the injury was work-related. There is no reported decision on this case because no decisions of this Court were reported as official cases until September 1, 1996. The Court found that Stephens’s pre-injury wage was approximately $760.29 per week. Stephens’s post-injury wage was determined to be $25,000 per year. The Court remanded the case to the Commission for a determination of Stephens’s loss of wage earning capacity and to award penalties and interest.
¶4. The Commission assigned the case to an administrative law judge and another hearing was held on February 5, 1998. At this hearing additional evidence pertaining to Stephens’s work history subsequent to the first hearing was presented. The Commission affirmed the administrative law judge’s order awarding $101.38 per week for 450 weeks to Stephens along with penalties and interest. TPI appealed this order to the circuit court which affirmed the Commission’s decision. TPI appeals arguing that the decision of the Commis *1020 sion was not supported by the evidence and was arbitrary and capricious. Stephens cross-appeals with the same argument, but argues that he should have received a 100% award for loss of wage earning capacity.
ISSUES PRESENTED
¶ 5. The appellant assigns the following issues:
I. WHETHER THE CLAIMANT/APPELLEE SUSTAINED A LOSS OF WAGE EARNING CAPACI- ■ TY AS A RESULT OF THE JULY 4, 1988, WORK-RELATED INJURY.
II. WHETHER OR NOT THE COMMISSION AND CIRCUIT COURT TOTALLY DISREGARDED THE PRESUMPTION OF NO WAGE LOSS BASED UPON POST-INJURY EARNINGS.
III. WHETHER OR NOT THE COMMISSION AND CIRCUIT COURT FAILED TO RECOGNIZE THAT THE CONTINUING JURISDICTION OF THE COMMISSION ALLOWS AND REQUIRES CONSIDERATION OF POST-INJURY EARNINGS.
IV. WHETHER OR NOT THE COMMISSION WAS ARBITRARY AND CAPRICIOUS IN THE ADMISSION AND DENIAL OF EVIDENCE AND TESTIMONY.
¶ 6. On cross-appeal, the appellee/cross-appellant assigns the following issues:
I.THE FINDINGS AND AWARD OF THE COMMISSION ARE CONTRARY TO LAW AND AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE INSOMUCH AS IT RELATES TO THE COMMISSION’S FINDING OF LOSS OF WAGE EARNING CAPACITY.
II. THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION ERRONEOUSLY, AS A MATTER OF LAW AND FACT, AFFIRMED THE ADMINISTRATIVE JUDGE’S ORDER IN FINDING CLAIMANT TO HAVE SUSTAINED A $101.39 PER WEEK IN LOSS OF WAGE EARNING CAPACITY WHERE THE EVIDENCE AS A WHOLE, UNEQUIVOCALLY SHOWS CLAIMANT TO HAVE LOST THE MAXIMUM LOSS OF WAGE EARNING CAPACITY ATTRIBUTABLE TO AN INJURY OCCURRING ON THE DATE OF CLAIMANT’S WORK-RELATED INJURIES.
III. PENALTIES AND INTEREST WERE CORRECTLY ASSESSED AGAINST T.P.I.
STANDARD OF REVIEW
¶ 7. Appellate review of compensation claims is a narrow one. The Mississippi Supreme Court has stated, “[t]hat the findings and order of the Workers’ Compensation Commission are binding on the court so long as they are ‘supported by substantial evidence.’ ” Liberty Mut. Ins. Co. v. Holliman, 765 So.2d 564(¶ 6) (Miss. Ct.App.2000) (quoting Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994)). The Commission’s order will be reversed only if the court finds that the order was clearly erroneous and contrary to the overwhelming weight of the evidence. Liberty Mut. Ins. Co., 765 So.2d at (¶ 6). “A finding is clearly erroneous when, although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the Act.” J.R. Logging v. Halford, 765 So.2d 580(¶ 12) (Miss.Ct.App.2000). Where no evidence or only a scintilla of evidence *1021 supports a Workers’ Compensation Commission decision, this Court does not hesitate to reverse. Universal Mfg. Co. v. Barlow, 260 So.2d 827, 831 (Miss.1972). This Court gives liberal construction to the compensation statutes and where a question may exist, this Court often rules in favor of the claimant. Big “2” Engine Rebuilders v. Freeman, 379 So.2d 888, 889-90 (Miss.1980).
LAW AND ANALYSIS
¶ 8. We address all of the issues presented on direct and cross-appeal at the same time because the central issue is the extent of loss of wage earning capacity sustained by Stephens, if any.
¶ 9. This Court in 1995 remanded this case to the Commission to determine the extent of loss of wage earning capacity of Stephens. Subsequent to the remand, a second hearing was held after which the administrative law judge awarded Stephens permanent partial benefits of $101.38 per week for 450 weeks. The Full Commission affirmed finding no error of law or fact.
¶ 10. Stephens’s average weekly wage on the date of his injury was $760.29; on the date of the first hearing it was $480.77; and on the date of the second hearing it was $814.62, which included fringe benefits. He was working as a general manager for Golden Corral Restaurant where his duties remained essentially the same as those on the date of injury and first hearing.
¶ 11. Stephens stated his injury resulted in a double cervical disc injury requiring a two-level fusion. He continues to miss approximately twenty to twenty-five work days per year due to his injury. He further stated he experiences sleep disruption and must be careful in the things he does, how he turns, what he picks up, and how he uses his arms and shoulders. Stooping and bending cause him severe pain.
¶ 12. Stephens stated he was terminated from TPI because he was unable to perform all the duties of his position as district director. The salary of a district director for TPI at the time of the second hearing was $1,269.23 per week.
¶ 13. Lamar Crockett, a vocational rehabilitation counselor, testified as an expert for Stephens to establish his wage loss capacity. He testified that the disparity in wages between the job held by Stephens in his current position and the position as a district director with TPI was $34,860 per year.
¶ 14. TPI called David Green, a vocational rehabilitation counselor, and he stated Stephens suffered no loss of wage earning capacity. He further stated that, in his opinion, Stephens’s ability to continue his employment in the food service industry confirmed his conclusion. He admitted his opinion did not take into consideration the disparity in salaries nor did he consider any general wage increase subsequent to the date of injury.
¶ 15. Our task is to determine if the Commission acting as fact finder determined the proper level of disability and loss of wage earning capacity. Georgia-Pacific Corp. v. Gregory, 589 So.2d 1250, 1256 (Miss.1991).
There is a well-established presumption in Mississippi workers’ compensation law: “The actual post-injury earnings will create a presumption of earning capacity commensurate therewith and is strong evidence for consideration against a claim of disability out of proportion thereto, but the presumption may be rebutted by evidence independently showing incapacity or showing post-injury earnings as an unreliable basis for the determination.” Factors that *1022 may be considered which rebut this presumption include, inter alia, an increase in general wage levels.
Dunn, Mississippi Workers’ Compensation, § 67, at p. 76 (3d ed.1982); see also General Elec. Co. v. McKinnon, 507 So.2d 363, 365 (Miss.1987).
¶ 16. The administrative law judge found as a fact that Stephens sustained a twenty percent permanent impairment to the body as a whole. Stephens has post-injury limitations which cause him to be careful in the manner he does things and how he lifts and uses his arms. He also has problems with stooping and bending which cause him severe pain. He continues to miss approximately twenty to twenty-five work days per year due to his injury.
¶ 17. The Commission was not in error in concluding that Stephens sustained a loss of wage earning capacity even though his post-injury earnings were more than his earnings on the date of injury. The presumption of earning capacity commensurate with post-injury earnings is rebutted in this case. The decision of the Commission is not manifestly wrong and is supported by substantial evidence. Findings supported by substantial evidence must remain undisturbed even where that evidence would not convince the reviewing court were it the fact-finder. Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437, 439 (Miss.1985); see also South Cent. Bell Tel. Co. v. Aden, 474 So.2d 584, 589-90 (Miss.1985). So long as the record contains credible evidence which, if believed, would support the Commission’s determination, we must affirm. Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991). “This Court will not determine where the preponderance of the evidence lies when the evidence is conflicting, the assumption being that the Commission, as trier of fact, has previously determined which evidence is credible, has weight, and which is not.” Metal Trims Indus. v. Stovall, 562 So.2d 1293, 1296 (Miss.1990).
¶ 18. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT IS AFFIRMED AS TO DIRECT AND CROSS-APPEAL. ALL COSTS ARE TAXED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.