GRIFFIS, P.J.,
for the Court:
¶ 1. Forrest General Hospital appeals the determination by the Mississippi Workers’ Compensation Commission that Michael Humphrey suffered a compensa-ble, work-related injury. The hospital argues that (1) the Commission erred when it based its finding of compensability on the hospital’s voluntary payments of medical expenses and compensation benefits; and (2) the Commission’s decision was not supported by substantial evidence. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Humphrey was employed as a security officer by the hospital. On May 14, 2008, Humphrey claims that he injured his back while he and two other security officers tried to restrain a young psychiatric patient who became violent and made a disturbance. The hospital’s surveillance cameras captured the incident. The video revealed that Humphrey, along with the other officers and members of the medical staff, helped to restrain the uncooperative psychiatric patient after the patient was tackled and taken to the ground. Humphrey held one arm of the patient. Humphrey claims that this effort caused him to pull a muscle in his lower back. Humphrey then assisted the other officers as they rotated the patient on the floor, so he could be handcuffed, and eventually lifted and placed the patient on a stretcher.
¶ 3. Humphrey did not seek medical attention for the next several months. Humphrey testified that he felt he pulled a muscle in his back during the altercation and “didn’t think much about it” after-wards. Humphrey, however, testified that the pain from the injury did not go away and even got worse, though he continued to work through it.
¶ 4. Humphrey testified that he was hesitant to file a workers’ compensation claim even as his back injury worsened. Humphrey claimed that he was concerned about how the hospital’s management would treat him due to the difficulty one of his fellow officers, Jerry Wade, faced after he filed a workers’ compensation claim.
¶ 5. Humphrey first sought treatment for his back with Dr. Glenn Campbell, a general practitioner, on January 7, 2009, seven months after the accident. Dr. Campbell ordered an MRI of his back. Dr, Campbell referred Humphrey to Dr. David Clark Lee, a board-certified neurosurgeon.
¶ 6. At about the same time, Humphrey informed the hospital that he wanted to file a workers’ compensation claim for the *470 back injury he sustained on May 14, 2008. Thus, just a few days before he was scheduled for his MRI, Humphrey reported his injury. Sergeant Ronnie Mills, the first sergeant of the hospital’s security department, prepared an employee-occurrence report on Humphrey’s behalf. Humphrey testified that the hospital paid for his medical treatments and provided indemnity benefits until the employer-medical evaluations were conducted, at which time such benefits ceased.
¶ 7. Humphrey filed a petition to controvert on April 2, 2009. The petition alleged that Humphrey sustained an injury to his back on May 14, 2008, while he acted in the course and scope of his employment. The hospital responded to the petition and denied that Humphrey sustained a work-related injury or that his claim was com-pensable. Humphrey’s employment with the hospital ended on February 28, 2011.
¶ 8. On September 14, 2011, the workers’ compensation administrative judge (AJ) held a hearing on compensability. In addition to the testimony discussed above, Humphrey was cross-examined about previous ailments and injuries, including a heart attack and a cervical fusion on his neck. The video of the May 14, 2008 incident was introduced at the hearing.
¶ 9. In addition, several of Humphrey’s coworkers testified at the hearing. Sergeant Mills and Ken Ritchey witnessed the May 14 altercation that allegedly caused Humphrey’s injury. Sergeant Mills and Ritchey both corroborated Humphrey’s testimony about the altercation. Ritchey testified that Humphrey’s back problems began after the May 14 altercation. Other witnesses testified about Humphrey’s frequent complaints of a back injury, as well as activities he conducted that involved heavy lifting during the time of his back injury.
¶ 10. Dr. Lee testified that he initially treated Humphrey for a neck injury that occurred in 2006, upon a referral from Dr. Campbell. Dr. Lee stated that Humphrey informed him of the back injury caused by the May 14 altercation during his February 2009 visit. Dr. Lee reviewed the MRIs ordered by Dr. Campbell, and determined that Humphrey had degenerative-disc disease with disc bulging at L2 to L5. Dr. Lee treated Humphrey with lumbar-epidural shots and physical therapy. Dr. Lee opined, to a reasonable degree of medical certainty, that the altercation with the mental patient could have aggravated or exacerbated his degenerative-disc disease.
¶ 11. Dr. Eric Amundson, a board-certified neurosurgeon, and Dr. David C. Col-lipp, a board-certified physical-medicine and rehabilitation specialist, were both asked by the hospital to conduct an employer medical evaluation on Humphrey. After a review of Humphrey’s medical records and an examination, both opined with a reasonable degree of medical certainty that the altercation with the mental patient on May 14, 2008, was not causally connected to Humphrey’s back injury.
¶ 12. On June 4, 2012, the AJ issued an order that found that Humphrey met his burden of proof and concluded that Humphrey suffered a compensable, work-related injury on May 14, 2008. The judge specifically noted:
Inherent in this decision is the fact that the employer initially accepted the claim and paid benefits, medical and indemnity, for some period of time. Also compelling is the testimony of various lay witnesses[,] as the import of the testimony and the clear indication would be that this employer was aware and had knowledge of the situation and facts surrounding the same.
¶ 13. The hospital filed a petition for review with the Commission. On Febru *471 ary 7, 2013, the Commission affirmed the AJ’s decision. The hospital now appeals the Commission’s decision, and the appeal has been assigned to this Court.
STANDARD OF REVIEW
¶ 14. This Court employs a substantial-evidence standard of review to resolve a workers’ compensation case; however, the standard of review is de novo when the issue is one of law and not of fact. Hugh Dancy Co. v. Mooneyham, 68 So.3d 76, 79 (¶ 6) (Miss.Ct.App.2011). “Absent an error of law, we must affirm the Commission’s decision if there is substantial evidence to support the Commission’s decision.” Id. (citing Shelby v. Peavey Elecs. Corp., 724 So.2d 504, 506 (¶ 8) (Miss.Ct.App.1998)). “In a workers’ compensation case, the Commission is the trier and finder of facts.” Id. (citing Radford v. CCA-Delta Corr. Facility, 5 So.3d 1158, 1163 (1120) (Miss.Ct.App.2009)). lithe Commission’s order is supported by substantial evidence, this Court is bound by the Commission’s determination, even if the evidence would convince us otherwise if we were the fact-finder. Id. “On the other hand, reversal is proper where the Commission has misapprehended the controlling legal principles, as the standard of review in that event is de novo.” Id.
ANALYSIS

1. Whether the Commission erred when its based its findings on the hospital’s initial voluntary payments of medical and compensation benefits.

¶ 15. The hospital argues that the Commission’s findings were erroneous as to compensability for Humphrey’s back injury based on the initial voluntary payments of medical expenses and compensation benefits. It also argues the decision was erroneous because it violated the hospital’s statutory right to pay workers’ compensation claims on a voluntary basis, and the voluntary payments were improperly used as evidence of compensability.
¶ 16. In support of its argument, the hospital cites Mississippi Code Annotated section 71-3-37 (Rev.2011):
(1) Compensation under this chapter shall be paid periodically, promptly, in the usual manner, and directly to the person entitled thereto, without an award except where liability to pay compensation is controverted by the employer.
[[Image here]]
(4) If the employer controverts the right to compensation he shall file with the commission, on or before the fourteenth (14th) day after he has knowledge of the alleged injury or death, a notice in accordance with a form prescribed by the commission, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted. Failure to file this notice shall not prevent the employer raising any defense where claim is subsequently filed by the employee, nor shall the filing of the notice preclude the employer raising any additional defense.
(Emphasis added). Based on this statute, the hospital contends that an employer may initially pay benefits to a claimant on a voluntary basis without any prejudice to the employer’s ability to challenge the compensability of a claim or raise any other defenses. Hence, the hospital claims that the Commission may not rely solely on the evidence of an employer’s initial payment of medical claims and benefits to determine the compensability of the worker’s claim.
*472 ¶ 17. The hospital also cites Mississippi Rule of Evidence 409 as justification for this argument. Rule 409 provides that “[e]vidence of furnishing or offering or promising to pay medical, hospital, or similar expenses occasioned by an injury is not admissible to prove liability for the injury.”
¶ 18. We must consider whether the Commission, as the fact-finder, may rely on the evidence of an employer’s initial voluntary payment of medical benefits to determine the compensability of the worker’s claim.
¶ 19. The Commission is not bound by a strict adherence to the Mississippi Rules of Evidence. Miss.Code Ann. § 71-3-55(1) (Rev.2011). See also Sanderson Farms Inc. v. Johnson, 68 So.3d 67, 75 (¶ 21) (Miss.Ct.App.2010). Mississippi Rule of Evidence 1101(a) provides that “[ejxcept as otherwise provided by subdivision (b), these rules apply to all actions and proceedings in the courts of the State of Mississippi.” No supreme court decision has held that the Commission is a “court” such that workers’ compensation proceedings must adhere to the Mississippi Rules of Evidence. In fact, Commission Procedural Rule 8 provides direction for evidence considered by the Commission:
GENERAL RULES OF EVIDENCE RELAXED. In compensation hearings the general rules of evidence shall be relaxed so as to permit the introduction of any relevant and competent evidence. There shall be excluded from the record, however, by motion of either party or at the direction of the administrative judge, any matters that are libelous or of a personal nature which do not in the opinion of the administrative judge have a direct bearing on the case at hand. All other matters sought to be introduced, and which are accepted by the administrative judge over the objection of either party, shall become a part of the record with the objection properly shown.
¶ 20. We find no case precedent, statute, or common-law authority that prohibits the Commission from relying upon payment of benefits as evidence of the compensability of a workers’ compensation claim. Neither the supreme court nor this Court has addressed this issue.
¶ 21. The hospital cites Rankin v. Averitt Express, Inc., 115 So.3d 874, 879 (¶ 118) (Miss.Ct.App.2013), which affirmed a decision by the Commission that denied com-pensability of a claim where the employer initially paid medical expenses and compensation benefits. However, neither Rankin nor any other Mississippi case determines that a voluntary payment is inadmissible as evidence of compensability. If the only evidence of compensability was the employer’s initial payment of medical and compensation benefits, we would agree that such a rule would restrict the ability of employers to challenge a claim’s com-pensability once some benefits were voluntarily paid. As a result, such a rule would abrogate the employer’s statutory right to contest the occurrence of a work-related injury and the compensability of the claim. Further, to allow such evidence would also discourage employers from making initial payments of medical and compensation claims to an injured worker.
¶ 22. That is not the issue here. The AJ considered the testimony of the lay witnesses as being just as “compelling” as the voluntary payments of benefits in reaching the decision of compensability. Hence, the Commission did not solely rely on the employer’s initial payments of medical and compensation benefits to Humphrey in order to make a determination of compensability. The Commission considered other evidence in addition to the employer’s voluntary benefit payments. *473 Based on the standard of review, we find no error in the Commission’s decision.

2. Whether the Commission’s decision was based on substantial evidence.

¶23. Next, the hospital argues that the Commission’s decision was not supported by substantial evidence. The Commission is the finder of fact. Daniels v. Peco Foods of Miss. Inc., 980 So.2d 360, 365 (¶ 16) (Miss.Ct.App.2008). In such a capacity, the Commission must evaluate and determine the weight of the evidence. Id. This Court must defer to the Commission’s findings and not reweigh the evidence. Short v. Wilson Meat House LLC, 36 So.3d 1247, 1251 (¶ 23) (Miss.2010). “So long as the record contains credible evidence which, if believed, would support the Commission’s determination, we must affirm.” McCarty Farms, Inc. v. Banks, 773 So.2d 380, 387 (¶ 29) (Miss.Ct.App.2000).
¶ 24. We find that the Commission’s decision was supported by substantial evidence. We will not restate the evidence discussed above. However, we find that several witnesses corroborated Humphrey’s complaints of a back injury related to the May 14 altercation. The hospital completed an occurrence report and began to pay medical and compensation benefits for Humphrey’s back injury. Further, the medical testimony supported the Commission’s decision. Dr. Lee testified that Humphrey’s back injury was causally connected to the May 14 altercation. Dr. Collipp’s opinion, which contradicted Dr. Lee’s opinion, even acknowledged that Humphrey had a “previous lumbar strain” based on the May 14 altercation.
¶ 25. The hospital argues that the lay testimony was insufficient to find that Humphrey’s claim was compensable. It argues that while the lay testimony supported Humphrey’s complaints of back problems, such complaints were not within the eight-month time period between the injury and when he first reported it. The hospital also criticizes other evidence, such as the video surveillance of the accident, as well as the time it took for Humphrey to seek treatment for his back injury. However, our limited standard of review precludes this Court from an analysis that reweighs the evidence. Instead, we must decide only if there was substantial evidence to support the Commission’s decision. We find that there was substantial evidence to support the Commission’s decision. Therefore, it is affirmed.
¶ 26. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J„ NOT PARTICIPATING.