# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-WC-00796-COA

JOE WILLIE YATES                                                    APPELLANT

v.

TRIPLE D, INC., NANCY DENTON, SCOTCHIE          APPELLEES
DENTON, INDIVIDUALLY AND BENCHMARK
INSURANCE COMPANY (TRIPLE D INC.)

DATE OF JUDGMENT:                    04/25/2019
TRIBUNAL FROM WHICH             MISSISSIPPI WORKERS' COMPENSATION
APPEALED:                                      COMMISSION
ATTORNEY FOR APPELLANT:       RAYNETRA LASHELL GUSTAVIS
ATTORNEYS FOR APPELLEES:      LORALEIGH CHRISTINE PHILLIPS
                                                      PAUL M. MOORE JR.
NATURE OF THE CASE:              CIVIL - WORKERS' COMPENSATION
DISPOSITION:                            AFFIRMED - 05/05/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1.     On December 22, 2016, Joe Willie Yates filed a workers' compensation claim against Triple D Inc., Nancy Denton, Scotchie Denton, and Benchmark Insurance Company, alleging that he sustained work-related injuries from a motor vehicle accident on June 14, 2016. Triple D, Nancy, Scotchie, and Benchmark Insurance Company denied Yates's claim, arguing that Yates worked solely for Nancy as a farm laborer, which is exempted from mandatory workers' compensation coverage.

¶2.     Upon hearing the merits of Yates's claim, an administrative judge entered an order on October 17, 2018, finding that Yates's work constituted farm labor, which is exempted

from workers' compensation coverage under Mississippi Code Annotated section 71-3-5 (Rev. 2011). Accordingly, the judge determined that Yates's injuries were non-compensable. Yates filed a petition for review with the Mississippi Workers' Compensation Commission, arguing that (1) the administrative judge's finding that Yates was a farm laborer was not supported by substantial evidence, and (2) the Appellants were "dual or alter ego employers," thereby waiving the farm-labor exemption under the section 71-3-5. On April 25, 2019, the Commission affirmed the decision of the administrative judge and additionally found that the Appellees are not alter ego employers within the confines of workers' compensation law. Yates now appeals from the Commission's decision, and finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.     On June 14, 2016, Yates was involved in a motor vehicle accident wherein he sustained injuries to his neck, back, pelvis, sternum, kidneys, and body as a whole. Yates filed a petition to controvert on December 22, 2016, alleging that his injuries were work-related because he was driving a service truck owned by Scotchie when the accident occurred. Nancy, Scotchie, and Triple D filed their answers, arguing that Yates worked as an employee for Nancy, not Scotchie or Triple D and that Yates worked as a farm laborer, which is exempted from compensation coverage under the Mississippi Workers' Compensation Act.

¶4.     On June 11, 2018, an administrative judge conducted a hearing on the merits of Yates's claim to determine who employed Yates at the time of his accident and whether Yates sustained compensable injuries under the Mississippi Workers' Compensation Act.

2

At the hearing, the judge heard testimony from several witnesses, including Yates, Yates's wife Linda, Scotchie, and Nancy.

¶5. Yates testified that he was a 64-year-old man who began working for the Denton family when he was eight years old. Yates first worked for Nancy's father and then for Nancy's husband on their family farm. In 1996, Nancy's husband died, and Yates continued to work for Nancy from that time until his accident in 2016.

¶6. Regarding his typical workday, Yates testified that he began each day by reporting to the workshop behind Nancy's house at 7:30 a.m. Upon arriving at the workshop, Yates checked all of the machines to make sure they were working properly. Yates stated that his day-to-day work primarily included spraying and picking cotton, cutting and hauling hay, planting and hauling corn and grain, and driving and maintaining tractors. Yates testified he used some of Nancy's tools that were in the workshop, and sometimes, he used tools from Scotchie's service truck. When asked about the types of tools he used, Yates replied, "[R]eally anything that you need to farm with . . . ." Opposing counsel asked Yates about the work he was doing on the day of the accident:

Counsel: Okay. So were you farming on June 14th, 2016?

Yates: Farming?

Counsel: Yes.

Yates: Yes, ma'am.

¶7. Yates's attorney also asked the following:

Counsel: Did you ever do anything other than farm work?

3

Yates:        Not really, no, ma'am.

¶8.    According to Yates, Nancy was "the boss," and he worked for her along with one other employee, Ray Bumgard. Yates also testified that he received his weekly pay from Nancy. The parties submitted "General Exhibit 2," which was copies of checks from a bank account with Nancy and Scotchie listed as the account holders. Yates testified Nancy primarily signed his checks, and Scotchie only signed his checks if Nancy was not available. Yates also stated that while working for Nancy, Yates would help Scotchie occasionally. But Yates testified that Nancy's work always came first. Yates also stated Scotchie never paid him for this work, and he was always paid by Nancy.

¶9.    Yates further testified that Nancy, Scotchie, and Scotchie's brother, David, all have their own farms and businesses. Nancy owns and manages the farm where Yates and Ray Bumgard work, and David owns and manages his own grain farm. Yates also stated that he had been working for Nancy and Nancy's husband for so long that he remembered when Scotchie first opened Triple D. Yates stated that Triple D was a hauling company owned and managed by Scotchie. Scotchie, Scotchie's son Kasey, and one other Triple D employee drive 18-wheelers for the company. Yates further testified that he does not drive 18-wheelers for Triple D and does not know any of Triple D's customers.

¶10.   Yates's wife, Linda, also testified that she and Yates had been married for forty-one years, and it was her understanding that Yates worked for Denton Farms. Throughout their marriage, Linda helped Yates complete any tax and employment forms because he could not read or write. Linda stated that after the accident, she assisted Yates in completing the forms

4

to receive Social Security benefits. Linda also confirmed that Yates's forms listed his occupation as "farm laborer" and "tractor driver." Linda testified that Yates did not have a commercial driver's license and did not drive 18-wheelers as a part of his job.

¶11. Scotchie also provided testimony at the hearing. Scotchie testified that he owned approximately 840 acres of his own farm land and farmed approximately 650 acres. Scotchie testified that he owned and managed his own farm while Nancy and David both owned and managed their own separate farms. Scotchie also owned and managed Triple D. Scotchie described Triple D as a separate entity from his farm, with a separate tax ID number and separate banking account. Scotchie testified that Nancy was not an owner or manager of Triple D and was not on Triple D's banking account. Scotchie testified that Triple D is a "haul-for-hire" trucking company that uses two 18-wheelers to haul farm and farm-related products for their customers, including Nancy's farm, David's farm, and his own farm. Scotchie does not charge himself for Triple D's services, but he does charge Nancy, David, and his other customers. Triple D has two employees—Scotchie's son, Kasey, and Louis Conley—who drive the 18-wheelers for the company.

¶12. Scotchie testified that Yates has never worked for Triple D and has never driven one of his 18-wheelers. Scotchie stated that he has never paid Yates from one of his accounts and does not have the authority to fire Yates. Scotchie further testified that Yates drove tractors and worked in Nancy's cotton fields.

¶13. Scotchie further testified that on the day of the accident, Yates and Scotchie were first in Nancy's workshop. Scotchie asked Yates if he would pick up Kasey from David's farm

and take him back to Nancy's workshop. Yates then drove to David's farm to pick up Kasey and to retrieve a nitrogen applicator for Nancy's farm. The accident occurred while Yates was on his way to David's farm.

¶14. Nancy was the final witness at Yates's hearing. Nancy testified that she owned approximately 500 acres of land, which she farmed with her husband until his death in 1996. At that point, Nancy began operating the farm by herself with her own farm equipment. On the day of the accident, Nancy had two employees—Yates and Bumgard. Nancy testified that Yates had worked for her husband on their farm until her husband's death, and after that, Nancy allowed Yates to remain her employee when she took over the farm.

¶15. Nancy further testified that Yates primarily worked on her farm and farm equipment. If the weather prevented them from farming, Nancy stated that she would send Yates home. Nancy further testified that sometimes Yates would assist Scotchie if a task needed to be done. But Nancy was the only one who paid Yates, and as such, Yates always performed Nancy's work first.

¶16. Nancy stated that she paid Yates $275 every week from an account that was once in Nancy's and her late husband's names. To Nancy's understanding, once her husband passed away, the bank requested that she replace her husband's name on the checks with Scotchie's name. But Nancy confirmed that Scotchie never wrote checks from this account.

¶17. Nancy testified that she did not own any part of Triple D and did not manage this company. Nancy testified that she was not an employee of Triple D. Nancy stated that she considered herself to be a farmer and, to her knowledge, Triple D was a hauling company.

6

Nancy also testified that she was a customer of Triple D, and she paid for Triple D's hauling services.

¶18. After hearing the merits of Yates's claim, the administrative judge entered an order on October 17, 2018, finding that "the character of the work regularly performed by . . . Yates was that of a farm laborer," which included his activities on the day of the accident. The administrative judge further found that Yates's work was not covered by the Mississippi Workers' Compensation Act, and as such, his injuries were not compensable.

¶19. Following the administrative judge's order, Yates appealed to the Mississippi Workers' Compensation Commission. On April 25, 2019, the Commission affirmed the administrative judge's decision, finding that (1) Yates's work constituted farm labor, and, therefore, his injuries were non-compensable under the Mississippi Workers' Compensation Act and (2) Nancy, Scotchie, and Triple D were not alter-ego employers, and therefore, Triple D's purchase of workers' compensation insurance does not waive the statutory farm exemption. Aggrieved, Yates now appeals to this Court.

**STANDARD OF REVIEW**

¶20. In workers' compensation cases, "[o]ur review of the Commission's decision 'is limited to determining whether the decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated one's constitutional or statutory rights.'" *Bridgeman v. SBC Internet Servs. Inc.*, 270 So. 3d 112, 114 (¶4) (Miss. Ct. App. 2018) (quoting *Gregg v. Natchez Trace Elec. Power Ass'n*, 64 So. 3d 473, 475 (¶8) (Miss. 2011)). The Commission acts as the fact-finder, judges the

7

witnesses' credibility, and determines the sufficiency of the evidence in workers' compensation cases, and we will not reweigh those findings in our review. *Id*. As long as substantial evidence supports the Commission's decisions, we are bound by its determinations, "even if the evidence would convince us otherwise if we were the fact-finder." *Forrest Gen. Hosp. v. Humphrey*, 136 So. 3d 468, 471 (¶14) (Miss. Ct. App. 2014). But we review legal questions de novo, reversing only "where the Commission has misapprehended the controlling legal principles." *Id*.

## ANALYSIS

**I.     Whether the Commission erred in determining that Yates's work constituted farm labor, which is exempted from mandatory coverage under the Mississippi Workers' Compensation Act.**

¶21.    On appeal, Yates first asserts that the Commission's findings and determinations were not supported by substantial evidence. Specifically, Yates argues that he was not performing farm labor at the time of his accident. The Mississippi Workers' Compensation Act provides relief for employees "for disability . . . from injury . . . arising out of and in the course of employment, without regard to fault as to the cause of the injury . . . ." Miss. Code Ann. § 71-3-7(1) (Rev. 2012). But the Act expressly excludes "[d]omestic servants, farmers and farm labor" from mandatory workers' compensation coverage. Miss. Code Ann. § 71-3-5. We determine whether the farm-labor exemption applies by looking at "the character of the work regularly performed by the employee, not according to the nature of the employer's business." *Nowlin v. Lee*, 203 So. 2d 493, 495 (Miss. 1967). Additionally, where the employee's injuries "arose out of and in the course of his farming activities . . . [, the

8

employee is] excluded from the coverage of the act." *Wilkins v. Wood*, 91 So. 2d 560, 564 (Miss. 1956).

¶22. In this case, the Commission found that Yates's work constituted farm labor under the purview of the Mississippi Workers' Compensation Act and that his injuries arose while he was performing the tasks of a farm laborer. Upon review, the record clearly provides substantial evidence to support these findings, including Yates's own testimony. Throughout his testimony, Yates repeatedly stated that he performed farm labor for Nancy for over fifty years. When asked by his own attorney whether he performed anything other than farm labor, Yates definitively replied, "No." Opposing counsel asked Yates if he was farming on the date of his accident, and Yates responded, "Yes." Both Nancy and Scotchie also testified that Yates had begun his workday on the farm and had been putting nitrogen and fertilizer on Nancy's crops when the accident occurred.

¶23. Again, the Commission serves as the fact-finding body for workers' compensation cases, not this Court. *Bridgeman*, 270 So. 3d at 114 (¶4). If we find that substantial evidence supports the Commission's determinations, we are bound by its decisions. *Forrest Gen. Hosp.*, 136 So. 3d at 471 (¶14). Here, we find sufficient evidence to support the Commission's determination that Yates was a farm laborer and thereby exempt from coverage under the Mississippi Workers' Compensation Act. We therefore find that this issue is without merit.

II. **Whether the Commission erred in determining that Nancy Denton, Scotchie Denton, and Triple D are not alter egos.**

¶24. Yates also argues that the Commission erroneously determined that Nancy, Scotchie,

9

and Triple D were not alter egos or dual employers within the confines of the Mississippi Workers' Compensation Act. Yates contends that Nancy, Scotchie, and Triple D's operations are "one and the same," and, therefore, this Court should hold them jointly and severally liable for Yates's injuries. Further, because Triple D purchased workers' compensation insurance, Yates argues that Triple D should compensate him for his injuries.

¶25. Employers exempt from providing compensation under the Mississippi Workers' Compensation Act may still assume liability through the purchase and acceptance of valid workers' compensation insurance. Miss. Code Ann. § 71-3-5. But the question of who exactly employed Yates must be answered before making a determination of who (if anyone) is liable for compensating his claims. *See Liberty Mut. Ins. Co. v. Holliman*, 765 So. 2d 564, 568 (¶7) (Miss. Ct. App. 2000). The Mississippi Workers' Compensation Act gives the Commission "the authority to address all issues related to the payment of compensation claims," including the determination of whether parties constitute alter egos or dual employers. *Id*. at 570 (¶13).

¶26. In this case, the Commission made its decision based upon the factors outlined in *Smith v. St. Regis Corp.*, 850 F. Supp. 1296, 1311 (S.D. Miss. 1994), which include whether the business entities "have substantially the same management; the same business purpose; and the same operation, equipment, customers, supervision, and ownership." The Commission further considered whether "such a unity of interest and ownership" exists between the entities that "adherence to the fiction of separate corporate existence would under the circumstances sanction a fraud or promote injustice." *Liberty Mut. Ins. Co.*, 765

10

So. 2d at 570 (¶14) (quoting *FMC Finance Corp. v. Murphree*, 632 F.2d 413, 422 (5th Cir. 1980)).

¶27. After applying these factors, the Commission found that Nancy, Scotchie, and Triple D were not alter egos or dual employers operating under a "unity of interest or ownership." Based upon the record, we find that sufficient evidence exists to support these findings. The Commission stated in its order that "[w]hile the businesses are intertwined, there are clear differences in their operation, customers, supervision, and ownership." We agree. The record reflects that Yates is an employee of Nancy, and Nancy has owned and managed her farm using her own farm equipment since her husband's death. As the Commission stated, Nancy's farm "does not have the same business purpose, operation, customers, or ownership of Triple D Trucking." Triple D is Scotchie's own separate business that uses two 18-wheelers to haul farm and farm-related products for many different customers. Nancy does not have any ownership or authority over Triple D and is only a customer of the business. Furthermore, Yates confirmed on the record that he does not have a commercial driver's license and has never driven a truck for Triple D. Also, Yates repeatedly testified that he primarily worked on Nancy's farm and that Nancy was "the boss."

¶28. Based upon these findings, we conclude that sufficient evidence exists to support the Commission's decision that Nancy, Scotchie, and Triple D are not alter egos or dual employers. As such, Triple D's purchase of workers' compensation insurance does not waive the farm-labor exemption and bring Yates's claim under the coverage of the Mississippi Workers' Compensation Act. We therefore affirm the Commission's order of

11

non-compensability.

## CONCLUSION

¶29.    We are bound by a limited standard of review in these cases.  As such, we find that substantial evidence supports the Commission's determinations that (1) Yates was an employee of Nancy, and he performed the work of a farm laborer, which is exempted from mandatory workers' compensation coverage under Mississippi Code Annotated section 71-3-5 and (2) Nancy, Scotchie, and Triple D are not alter egos or dual employers; therefore, Triple D's purchase of workers' compensation insurance did not waive the farm-labor exemption.    Because we find no error, we affirm the Commission's order of non-compensability.

¶30.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**