McMILLIN, C.J.,
for the Court:
¶ 1. Gretchen Turner filed a petition to controvert with the Mississippi Workers’ Compensation Commission alleging that she suffered a disabling work-related injury. Her alleged injury was described as a heart attack suffered while at work and attributable to the extraordinary stresses of her employment with the J.P. Mills Company. The administrative judge found that Turner’s heart attack was not connected to her employment and denied her claim for compensation benefits. Turner appealed to the full Commission. That body affirmed the administrative judge’s decision, and, in a subsequent appeal to the Circuit Court of Lee County, that court affirmed the Commission. Ms. Turner has perfected an appeal to this Court asking us to reverse the circuit court’s judgment. Finding no basis to do so, we affirm.
I.
Facts
¶ 2. Turner’s employer, J.P. Mills, operates a number of convenience stores in the Lee County area. Turner was employed by the company in July 1994, and had worked for a total of 47 days before suffering her heart attack. At the time of her attack, she was working as a store manager. She claimed that, in that position, she was subjected to extraordinary stress. She attributed the stress to long hours caused by (a) the company’s failure to provide her with adequate staffing and (b) working multiple shifts when other employees failed to report for duty.
¶ 3. However, there was evidence that Turner had been treated by a general practitioner for heart problems before her employment with J.P. Mills began. Turner’s complaints to her treating physician included a report of reoccurring chest pains that began before 1989. The physician had diagnosed her to have high cholesterol, high blood pressure, and a heart murmur.
¶ 4. Three physicians testified as to their opinion of the cause of Turner’s heart attack. Two were cardiologists and the other was Turner’s treating general practitioner. Both cardiologists testified that Turner’s heart problems were traceable to (a) a history of smoking since she was fifteen to sixteen years old, (b) high blood pressure, and (c) a family history of heart problems on both sides of her family. Both cardiologists stated that stress was not generally considered a major risk factor in contributing to heart attacks of the nature suffered by Turner. Turner’s general practitioner testified that work stress could elevate a person’s blood pressure to a level which could predispose a person to heart disease, but, when offered the chance to choose between saying that job-rélated stress possibly contributed to her attack or probably did so, he refused to characterize his opinion as going beyond a mere possibility. The administrative judge found, based on the testimony of the cardiologists, that Turner “did not prove by a preponderance of the evidence that her myocardial infarction arose out of her employment.” The full Commission adopted the administrative judge’s conclusions and affirmed his decision denying benefits.
¶ 5. Turner presents only one issue on appeal.
*521 II.
Did the Commission Err in Finding Turner’s Heart Attack Was Not Job-Related?
¶ 6. This Court has limited authority to review the decisions of the Mississippi Workers’ Compensation Commission. For purposes of our analysis in this case, we may overturn the Commission’s decision only if it is manifestly wrong as not being supported by substantial evidence in the record. Trest v. B.C. Rogers Processors Inc., 592 So.2d 110, 113 (Miss.1991).
¶ 7. Turner had the burden of proving a causal connection between her employment and her heart attack. Ingalls Shipbuilding Corp. v. Howell, 221 Miss. 824, 830, 74 So.2d 863, 864-65 (1954). In cases such as this, medical proof is essential to establish the necessary causation. Kersh v. Greenville Sheet Metal Works, 192 So.2d 266, 268 (Miss.1966). In Kersh, the Mississippi Supreme Court said:
In heart cases, it is said that the burden, as usual, is upon the claimant and that the rule of liberality cannot dispense with the necessity of proof of facts prerequisite to recovery and that causal connection is one of such facts. The factual issue on this score is usually one for the medical experts and the Commission as triers of the facts, and the Commission may not award compensation in the absence of medical proof to show causal connection. The issue in heart cases is not such as may be resolved upon common or judicial knowledge and this is so although the medical testimony contains an admission of a possibility of causal connection, (emphasis added).
Id. (quoting) Dunn, Mississippi WoRkmen’s Compensation § 52 (1957).
¶ 8. This Court has thoroughly reviewed the record in this case, giving particular attention to the testimony of all three medical experts. The largely uncontradicted and unimpeached testimony of the two experts in the field of cardiology indicated that Turner’s heart attack was due to hereditary and behavioral factors not related to her work. The only medical evidence in opposition to this testimony was Turner’s treating physician’s assertion that job-related stress was a possible contributing factor to her attack. We are satisfied that there is substantial evidence in the record to support the Commission’s determination that Turner failed to show a causal connection between her work and her heart attack. For that reason, we conclude that the decision to deny her compensation benefits should be affirmed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY AFFIRMING THE FINDINGS OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION DENYING WORKERS’ COMPENSATION BENEFITS TO GRETCHEN TURNER IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.