Melissa LANGLEY, Wife of Joe (Joey) Langley, Deceased, Dakota Langley, Colton Langley and Harley Langley, Appellants

v.

WADDLE TRUCKING, LLC and Dallas National Insurance Company, Appellees

NO. 2016-WC-00143-COA

Court of Appeals of Mississippi.

12/13/2016

 

JOHN P. FOX, ELIZABETH FOX AUSBERN, HOUSTON, ATTORNEYS FOR APPELLANTS

LELAND S. SMITH III, JACKSON, ATTORNEY FOR APPELLEES

BEFORE GRIFFIS, P.J., FAIR AND JAMES, JJ.

FAIR, J., FOR THE COURT:

¶ 1. Joe Langley died of a heart attack while driving an eighteen-wheeler for his employer, Waddle Trucking LLC. The medical examiner's certificate stated that the immediate cause of death was "hypertensive and atherosclerotic cardiovascular disease." His blood test showed he was not intoxicated.

¶ 2. Langley's widow, Melissa Langley, filed a petition to controvert with the Mississippi Workers' Compensation Commission (Commission), alleging that Langley's death was due to his working conditions. The administrative judge (AJ) found that Langley was forty-two years old at the time of his death and that he was overweight. The AJ further determined that there was no medical proof showing that Langley's preexisting atherosclerotic cardiovascular disease, combined with his work, produced a compensable injury. The Commission unanimously affirmed. Finding no error on appeal, we affirm the Commission's decision.

## STANDARD OF REVIEW

¶ 3. "We will only reverse the Commission's rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious." *Moore's Feed Store, Inc. v. Hurd*, 100 So.3d 1011, 1017 (¶ 20) (Miss. Ct. App. 2012) (citation omitted). "No court can reweigh the evidence[.] [T]he Commission is the fact-finder and the judge of the

credibility of witnesses." *Short v. Wilson Meat House, LLC*, 36 So.3d 1247, 1251 (¶ 23) (Miss. 2010).

## DISCUSSION

¶ 4. It is well established that medical proof is necessary to show a causal connection between the employee's work and his injury. *Turner v. J.P. Mills Co.*, 736 So.2d 519, 521 (¶ 7) (Miss. Ct. App. 1999) (citation omitted). In heart attack cases, proof of causal connection between the attack and the work activity, as well as evidence that physical exertion or stress exceeded the ordinary wear and tear of life, is required. *See Harbin v. Outokumpu Heatcraft USA, LLC*, 958 So.2d 1260, 1263 (¶ 7) (Miss. Ct. App. 2007) (finding there was no medical evidence proving a causal connection between the deceased's work activities and his death); *see also* Vardaman S. Dunn, *Mississippi Workers' Compensation* § 91 (3d ed. 1990). "In order to overcome the presumption of causal connection not only must the cause of death be explained, but the work activities of the decedent must also be fully developed to show that such activities did not cause or contribute to the heart attack." *Harbin*, 958 So.2d at 1263 (¶ 7).

¶ 5. Melissa was the only witness at the hearing. She merely testified to domestic matters, stating that she and Langley had filed for divorce but the divorce was not final at the time of his death. She also stated that Langley was paying child support to her for their three children.

¶ 6. The AJ admitted three exhibits into evidence: (1) the first report of injury; (2) Langley's medical records; and (3) the deposition of Betty Warren (a fellow employee who witnessed part of the accident). Langley's medical records showed that he had a history of hypertensive and atherosclerotic cardiovascular disease (the cause of death listed on his autopsy report). And he had had a prior coronary artery bypass graft surgery, revealing severe stenosis of two of the three bypass grafts and severe constriction of the right coronary artery.

¶ 7. In Warren's deposition, she stated that she was riding with her husband and traveling behind Langley to "pick up a load." She further stated that she was asleep but woke up when she heard her husband yelling on the CB radio to Langley. Warren then saw Langley's truck go up the embankment twice before he hit the guardrail. She clarified that Langley was driving normally before he went up the embankment.

¶ 8. After reviewing the record, and applying the applicable standard of review, we cannot say that the Commission's decision was not supported by substantial evidence. Therefore, we affirm the decision of the Commission.

¶ 9. **THE JUDGMENT OF THE MISSISSIPPI WORKERS' COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE AND GREENLEE, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., NOT PARTICIPATING.