WESTBROOKS, J., FOR THE COURT:
¶ 1. Michael Barnes (Barnes) appeals the Mississippi Workers' Compensation Commission order sustaining the administrative judge's determination that Barnes did not suffer a compensable injury. We find the Commission's order is supported by substantial evidence and therefore affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 23, 2015, Barnes was employed by Labor Finders, a temporary, pay-by-the-day labor provider for individuals and businesses. Labor Finders sent Barnes to a construction site. While at the site, Barnes explained that he was instructed to retrieve sinks from upstairs and bring them downstairs. Barnes alleged that while bringing the sinks downstairs, he missed a step and tumbled. Barnes managed to grab the rail, but he nevertheless fell on his back. As a result of the fall, Barnes injured his back and tailbone. Barnes stated that no one witnessed the fall, and he did not tell anyone about the fall. He explained that he spent the rest of his workday retrieving extension cords.
¶ 3. At the end of the day, Barnes returned to Labor Finders and signed an acknowledgment that he had been paid for that day. The acknowledgment of pay also included a disclaimer that Barnes had not sustained any work-related injuries on that day. The following day, Barnes experienced lumbar pain and stated that he could not walk. As a result, Barnes's son drove him to the job site to report the injury. He wrote a statement of the incident and was taken to a medical provider by his supervisor. Barnes was diagnosed with narrowing L4-5 arthritic changes. Following the incident report and physician's diagnoses, Labor Finders began to pay Barnes temporary benefits for his injury. However, Labor Finders ceased to pay those benefits after it discovered that Barnes did not disclose a back surgery that he had twenty years prior to the date of his injury.
*9 ¶ 4. Barnes filed a petition to controvert with the Workers' Compensation Commission. Labor Finders denied Barnes's claim, citing the false statements he made on his job application, and terminated Barnes thereafter. A compensability hearing was held before an administrative judge, and the judge found that Barnes failed to prove that he suffered a compensable injury. Barnes's petition was dismissed, and he appealed the decision to the full Commission.
¶ 5. Prior to the Commission's decision, Barnes filed a motion to supplement the record, requesting that the Commission consider additional evidence not made part of the record before the administrative judge. Both parties briefed the matter, but no oral argument was held. The Commission affirmed the administrative judge's dismissal and incorporated the administrative judge's decision as its own, while also denying Barnes's motion to supplement the record. It is from that order that Barnes now appeals. Barnes raises the following issues on appeal: (1) the Commission disregarded Barnes's testimony regarding the work-related injury; (2) the Commission erred in refusing to supplement the record to include all medical records connected to the medical-records affidavit; and (3) whether the receipt-of-payment acknowledgment form violates public policy.
STANDARD OF REVIEW
¶ 6. "This Court employs a substantial-evidence standard of review to resolve a workers' compensation case; however, the standard of review is de novo when the issue is one of law and not of fact." Forrest Gen. Hosp. v. Humphrey , 136 So.3d 468, 471 (¶ 14) (Miss. Ct. App. 2014) (citing Hugh Dancy Co. v. Mooneyham , 68 So.3d 76, 79 (¶ 6) (Miss. Ct. App. 2011) ). "Absent an error of law, we must affirm the Commission's decision if there is substantial evidence to support [it]." Id.
¶ 7. "In a workers' compensation case, the Commission is the trier and finder of facts." Id. "If the Commission's order is supported by substantial evidence, this Court is bound by the Commission's determination, even if the evidence would convince us otherwise if we were the fact-finder." Id. "On the other hand, reversal is proper where the Commission has misapprehended the controlling legal principles, as the standard of review in that event is de novo." Id.
ANALYSIS
I. Whether the Commission erred in finding Barnes did not suffer a compensable injury.
¶ 8. Barnes argues that the Commission disregarded his testimony regarding his work injury. He maintains that he could not report his injury to his job supervisor pursuant to Labor Finders' receipt-of-pay acknowledgment, requiring employees to report injuries directly to Labor Finders. Barnes says that even if he had reported the injury to his supervisor, it would not have complied with Labor Finders' contract provision that all work injuries be reported to the employer.
¶ 9. Labor Finders argues that Barnes's testimony regarding the injury was contradicted by his on-the-job supervisor's observations. Barnes's supervisor testified that he transported Barnes to and from the work site, and Barnes did not exhibit any signs of impairment. Labor Finders also presented evidence that Barnes disclaimed an injury when he signed the receipt-of-pay acknowledgment. The administrative judge found that Barnes's failure to report the accident on that day did not correlate with the seriousness of the accident. The Commission affirmed and adopted the administrative judge's findings.
*10 ¶ 10. Barnes was the only witness to his accident and did not report the accident on the date that it occurred. Barnes's supervisor testified that Barnes did not exhibit signs of impairment after the time Barnes alleged the incident occurred. Barnes disclaimed his injury on Labor Finders' receipt-of-payment form. Though Barnes alleges that failure to sign that form would result in forgoing payment for that day, Labor Finders' regional director testified that payment was not contingent upon signing the form.
¶ 11. "We will only reverse the Commission's rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious." Langley v. Waddle , 206 So.3d 1262, 1263-64 (¶ 3) (Miss. Ct. App. 2016) (citing Moore's Feed Store Inc. v. Hurd , 100 So.3d 1011, 1017 (¶ 20) (Miss. Ct. App. 2012) ). "No court can reweigh the evidence[.] [T]he Commission is the fact-finder and the judge of the credibility of witnesses." Id. The Commission found that Barnes did not present substantial evidence that he sustained a compensable work-related injury. Barnes's testimony and evidence did not corroborate his allegations, and his actions were not commensurate with the serious nature of the injury. Accordingly, this argument is without merit.
II. Whether the Commission erred in denying Barnes's motion to supplement the record.
¶ 12. Barnes argues that the Commission erred in denying his motion to supplement the record. Barnes acknowledges that the admission or exclusion of evidence is in the discretion of the fact-finder; however, he argues that if one section of a medical record is admitted, the remaining sections should be admitted. Labor Finders argues that Barnes failed to support his argument with authority and failed to comply with Mississippi Workers' Compensation Commission Procedural Rule 9. Labor Finders contends that if this Court addresses the argument, Barnes's motion to supplement failed to comport with Rule 9. The rule provides that the "motion [to supplement] shall state with particularity the nature of such evidence, the necessity therefor, and the reason it was not introduced at the evidentiary hearing." Miss. Admin. Code § 20-2-1:2.9.
¶ 13. "For a case to be reversed based on the admission or exclusion of evidence, a party must be actually prejudiced, harmed, or have a substantial right adversely affected." Walls v. Franklin Corp. , 177 So.3d 1156, 1164 (¶ 35) (Miss. Ct. App. 2015). Barnes's motion offered no explanation for the reason the supplemental evidence was not introduced during the evidentiary hearing. Barnes does not address his failure to comply with section 20-2-1:2.9. Barnes also does not cite any authority to support his contention that the Commission erred in denying his motion. Accordingly, we find no merit to this argument.
III. Whether the receipt-of-payment acknowledgment form violates public policy.
¶ 14. Lastly, Barnes argues that the receipt-of-payment acknowledgment form is an implied contract of adhesion and is unconscionable. Barnes argues that Labor Finders has no reasonable basis to require the form be submitted daily. Barnes cites to the work-injury notice provisions of Mississippi Code Annotated section 71-3-35 (Rev. 2011), which require a claim of a work-related injury be submitted within thirty days after the injury. Barnes asserts that the pay-acknowledgment form is pretextual and empowers employers to subvert the purpose of the *11 Workers' Compensation Act by requiring employees to unknowingly disclaim work-related injuries. Labor Finders argues that the form is a statement of fact, not a contract. Labor Finders further submits that Barnes failed to cite authority to suggest that requesting the statement of fact was contrary to public policy.
¶ 15. Though Mississippi requires that an employer receive actual notice of a compensable injury within thirty days of its occurrence, such provision does not constrict employers' policies regarding work-related injuries. Barnes acknowledges that he signed the form, but asserts that he would not have been paid if he refused. Labor Finders presented evidence that was contrary to Barnes's statement that payment was contingent upon signing the receipt-of-pay acknowledgment form. The administrative judge considered that provision in conjunction with Barnes's actions on the day of the injury and found that Barnes did not suffer a compensable work-related injury. We agree.
¶ 16. We find that Barnes did not present substantial evidence that he sustained a compensable injury.
¶ 17. AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.